† TOZIER *versus* SCHOOL DISTRICT No. 2 IN VIENNA.

It is no valid objection to the legality of a school district tax laid for removing and repairing a school-house, that the house is taken from the limits of another district; that in removing it is pulled down, and that in repairing it is left in a different shape and size from what it formerly was.

Where by the records, the school district officers appear to have been qualified by a magistrate, the presumption is, in the absence of all testimony, that they were made by the proper recording officer.

When by the vote of a district the selectmen are requested to locate their school-house, their acts under such vote are recommendatory only.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT, to recover back money paid to discharge two taxes assessed on plaintiff's property by school district No. 2.

In 1848 the limits of the school districts in Vienna were changed, by which change the school-house of former district No. 2, was included in the limits of district No. 1.

A meeting of district No. 2, was called by the selectmen for the following among other purposes, " to see if the district will vote to remove and repair the old school-house and if so, fix upon some place to set said house," and another article, " to see what sum of money they would raise for that purpose."

One article in the warrant was to choose a clerk, and James Sanborn was chosen.

The only evidence of his being sworn was a record upon the district book of records that such was the fact, and signed by a justice of the peace.

At that meeting $125 were raised under the article in the warrant; and at a subsequent meeting a vote was passed to raise $30 to finish the school-house, and $6 to purchase a stove.

At one of the meetings, by a vote of the district, the selectmen were requested to fix upon the place on which the school-house was to be erected, and they did so, and it was erected on the spot by them designated.

It appeared that the old school-house was pulled down,

and the materials removed to the place where the new one was erected, which was neither so high, long nor wide as the old one.

Assessments were made upon the certificates of the sums to be raised by the clerk of the district, and a warrant issued.

The collector seized personal property of the plaintiff to collect the first tax, and advertised it for sale, and the plaintiff then paid the tax, saying the tax was illegal, and he paid the second tax without such seizure.

The money had been paid to the district.

The Court were authorized to enter the proper judgment.

*Currier,* for defendants.

1. The money was raised in both cases for lawful purposes; the taxes legally assessed and duly applied to the objects for which it was raised.

2. Both assessments were voluntarily paid, and therefore cannot be recovered back.

*Kempton,* for plaintiff, argued —

1. That if the money was raised for an ostensible lawful purpose, it was not in fact, but the district designed to commit a trespass; it was to remove this house which they did not own. And in fact the purpose was unlawful.

2. That the money was never expended for the purposes for which it was pretended to be raised. The district did not contemplate building a school-house; the vote was to remove and repair. *Green* v. *Bailey,* 3 Fairf. 254. The work on the school-house does not come under the head of *repairs. Webster's Dict.,* word *repair.*

3. The evidence of the qualification of the officer was not legal. R. S., c. 5, § 15.

4. The selectmen unlawfully interfered to locate the school-house; they can only act where there is a disagreement of the district; here was none.

5. The plaintiff paid under protest that the tax was illegal.

RICE, J. — School Districts are authorized by law to raise money for the purpose of erecting, repairing, purchasing, and removing school-houses. R. S., c. 17, § 8. It does not appear in what manner the district, in this case, claimed title to the old school-house. The first assessment of which the plaintiff complains, was made for the purpose of removing the school-house and repairing the same. The law does not prescribe the place where a school-house may be purchased, nor the manner in which it may be removed or repaired.

Justices of the peace are authorized to administer to clerks of school districts the oath of office, and when a certificate of such oath is found extended upon the records of the district, in the absence of other proof, it is presumed to have been placed upon record by the proper recording officer, in conformity with his duty.

The selectmen in the location of the school-house, do not appear to have acted under authority conferred upon them by the statute, in case of a disagreement on the part of the district, but in harmony with the whole district, by its invitation, and under a vote thereof which seems to have been passed without dissent. Their acts under such circumstances were merely recommendatory, not compulsory.

The second tax appears to have been paid without objection.

No such substantial deviations from the requirements of the statute have been indicated as would relieve the plaintiff from his obligation to pay this tax, or as will entitle him to recover back the money paid, even had it been paid under protest and by duress. *Plaintiff nonsuit.*

TENNEY, J., did not sit.